## HENRY AMICK *vs.* JOHN BOWYER.

### July Term, 1868.

A vendee who enters under a title bond and holds the land under that title till the statute of limitations bars a recovery against him by an adverse title, cannot set up defect of title in his vendor, existing at the date of the sale to him, as ground of injunction to a judgment for the purchase money.

This case arose in Fayette county in 1860.    It was very imperfectly matured in the court below.    The President in his opinion gives the essential features of the controversy.

*Lamb & Paull* for the plaintiff in error.

BROWN, President.    Bowyer sold to Amick a tract of land —deed with general warranty to be made when the purchase money was paid.    Amick gave his bonds for the price and Bowyer gave his title bond for the deed.    Part of the price was paid, judgment at law on one of the bonds for the residue.    Injunction to the judgment on ground of defect of title.    Bowyer answered the bill denying defect of title.

The material question arising for determination in the case is: Can a vendee who enters under a title bond from his vendor and holds the land under that title till the statute of limitation would bar a recovery against him by an adverse title, set up defect of title in his vendor existing at the

* See page 1.

date of sale to him, as ground of injunction to a judgment for the purchase money. I think he cannot. *Peers* vs. *Basnett,* 12 Grat.; *Piedmont Coal and Iron Company* vs. *Brant and others,* decided at the present term.

I think, therefore, the injunction was properly dissolved, and the bill dismissed, and that the decree of the circuit court should be affirmed.

Judge Maxwell concurred.

DECREE AFFIRMED.